## WEAVER *v.* TURNER.

[87 South. 641. No. 21536.]

1. COURTS. *Act fixing term of chancery court held not repealed.*
   The provision of chapter 262, Laws 1916, that the chancery court of George county shall convene on the fourth Monday of January and continue in session six days, was not repealed by chapter 257, Laws 1916.

2. APPEAL AND ERROR. *Objection to revivor in administrator's name, cannot be made for first time on appeal.*
   Since a suit to cancel a cloud on title may, under some circumstances, be revived on the death of the complainant in the name of his administrator (*Criscoe* v. *Adams*, 85 So. 119), an objection to such a revivor cannot be made for the first time in the supreme court on appeal.

3. TRUSTS. *Agreement by complainant on foreclosure to apply certain proceeds to personal judgment held to create a trust.*
   An agreement by the complainant in a suit to foreclose a mortgage, and who has bid in the land covered thereby at the sale thereof under the foreclosure decree, that if an objection to the confirmation of the sale made by the defendant who owns the land be withdrawn he will sell the land and apply the proceeds in excess of the amount to be paid by him therefor and credited on the amount found to be due him by the defendant to the payment of a personal judgment rendered against the defend-

ant in the foreclosure decree, makes him, on the withdrawal of the objection and confirmation of the sale, a trustee of the land for the purpose stipulated in the agreement, and until he complies therewith a court of equity will not permit him to cause the personal judgment rendered against the defendant to be satisfied by the sale of other property of the defendant.

APPEAL from chancery court of George county.

HON. W. M. DENNY, JR., Chancellor.

Suit by Wiley W. Evans against I. H. Weaver, to set aside a sheriff's deed. On complainant's death, the suit was revived in the name of Arthur Turner, administrator. Decree for complainant, and respondent appeals. Affirmed.

*Sullivan & Sullivan* and *O. F. Moss,* for appellant.

*J. W. Backstrom* and *Oscar Backstrom,* for appellees.

No brief found in the record for counsel of either side.

SMITH, C. J., delivered the opinion of the court.

Wiley W. Evans exhibited an original bill in the court below against the appellant, praying that a deed to the land in controversy, executed by the sheriff of the county of George to the appellant pursuant to a sale of the land made by the sheriff under an execution, be set aside as a cloud on Evans' title thereto. While the cause was pending in the court below Evans died, and the suit was revived in the name of Arthur Turner, his administrator, without objection thereto by the appellant. The cause was tried on bill, answer, the exhibits to each, and oral evidence which oral evidence was not preserved, and consequently does not appear in the record, and the brief prayed for in the bill of complainant was granted.

The appellant's contentions are: First, that the decree of the court below is void for the reason that the decree was rendered at a time not provided by law for holding a

term of the chancery court of George county; second, that the cause should have been revived in the name of Evans' heir, and not of his administrator; third, that the pleadings and exhibits thereto do not present a case for the relief prayed for.

It appears from the bill, answer, and exhibits thereto that in 1915 a decree was rendered in the court below in a proceeding instituted by the appellant herein to foreclose a deed of trust upon certain land, but not that here in controversy, executed to him by Lillian Croom and her husband, J. J. Croom, to secure an indebtedness due him by them, directing that the land be sold by a commissioner appointed for that purpose, and the proceeds applied to the payment of the debt secured by the deed of trust. A sale of the land under this decree was set aside, and at a. resale thereof the land was bid in by the appellant for the sum of one thousand dollars. A protest against the confirmation of this sale, accompanied by a bond conditioned in accordance with the statute, was filed by the Crooms, whereupon the appellant entered into a written agreement with them, stipulating that he would raise his bid for the land to five thousand dollars, that the sale should then be confirmed and a personal judgment rendered for the appellant against the Crooms for the balance that would then be due him by the Crooms, amounting to two thousand one hundred sixty-seven dollars and seventy-six cents, and that—

"therefore, in consideration of the premises aforesaid, it is further agreed by and between the parties hereto that the said I. H. Weaver shall sell said property as soon as he deems it advisable to do so, and that all moneys the said I. H. Weaver received for said property in excess of five thousand dollars shall be applied towards the satisfaction of the judgment aforesaid, and that if the said I. H. Weaver should receive for said property a sum of money in excess of the said five thousand dollars and more than sufficient to satisfy said judgment and costs in said cause,

then the balance shall be paid to the said J. J. Croom and Lillian Croom, or either of them."

Pursuant to this agreement the protest against the confirmation of the sale was withdrawn, and a decree was entered in accordance with its terms, except that the agreement of the appellant to sell the land and apply its proceeds to the payment of the personal judgment against the Crooms was not embraced therein.

In August, 1916, the land here in controversy, which was then owned by the Crooms, was conveyed by them to Evans, and on the 9th day of March, 1918, they also assigned to him their interest in the contract under which the consent decree was entered in the foreclosure proceedings, and by which the appellant agreed to sell the land purchased by him at the foreclosure sale and to apply the proceeds in excess of five thousand dollars to the satisfaction of the personal judgment therein rendered in his favor against the Crooms, and to pay to the Crooms any balance that might then remain.

The judgment in favor of the appellant against the Crooms was enrolled in the office of the circuit clerk of George county, and on the 2d day of May, 1918, an execution was issued thereon, under which the land here in controversy was sold by the sheriff to the appellant.

The appellant has made no effort to sell the land purchased by him at the foreclosure sale pursuant to his agreement with the Crooms so to do, but, on the contrary, declined to accept an offer of eight thousand dollars made to him by Evans therefor, and has stated to other prospective purchasers that it "would not be sold at any price, for the reason that he does not now deem it advisable" so to do.

The court below convened for the term at which the decree appealed from was rendered on the fourth Monday of January, A. D. 1920, as provided by chapter 262, Laws 1916, and the contention of the appellant that the decree is void is based on the assumption that the provision of chapter 262, Laws 1916, for the convening of the chan-

cery court of George county on the fourth Monday of January was repealed by chapter 257, Laws 1916. Chapter 104, Laws 1910, assigns the counties to the various chancery court districts, and provides for the holding of two terms of the chancery court annually in each of the counties. One of its provisions is that:

"A court to be styled 'The Chancery Court of the County of ———, shall be held in each county twice in each year, and as much oftener as is provided for by law and shall commence at the time and continue for the number of days specified, if business shall require, viz."

The county of George was created after the adoption of chapter 104, Laws 1910, by chapter 248, Laws 1910, assigned to the eighth chancery court district, and chapter 108, Laws 1910, provides that the chancery court of the county of George "shall convene on the fourth Monday of July, for six days, and the second Monday of December for six days." Chapter 108 was amended by chapter 262, Laws 1916, approved February 12, 1916, so as to provide:

"That the chancery court of the county of George shall convene on the fourth Monday of January, for six days, and the fourth Monday of July for six days."

Chapter 257, Laws 1916, approved March 11, 1916, amends chapter 104, Laws 1910, in several particulars, but leaves intact the provision thereof hereinbefore set out, one of the amendments being the assignment of George county to the eighth chancery court district, and providing that the chancery court shall convene "in the county of George, on the fourth Monday of July and second Monday of December, six days," the dates fixed by chapter 108, Laws 1910, the amendment to which by chapter 262, Laws 1916, approved a few days before, being seemingly overlooked. The effect of the adoption of chapter 257, Laws 1916, was to cause chapter 104, Laws 1910, in so far as it deals with the county of George, to read as follows:

"A court to be styled 'The Chancery Court of the County of ———, shall be held in each county twice in each year, and as much oftener as is provided for by law and

shall commence at the time and continue for the number of days specified, if business shall require. . . . In the county of George, on the fourth Monday of July and second Monday of December, six days."

This provision of the statute may be rewritten without changing its meaning so as to read as follows:

"A court to be styled 'The Chancery Court of the County of George' shall be held in the county of George, on the fourth Monday of July and the second Monday of December, and at such other time as is provided by law and continue in session for six days, if business shall require."

The provision then is not for the convening of the chancery court of George county on the fourth Monday of July and the second Monday of December only, but for the convening of that court on those days, and at such other times as is provided by law. Consequently, it does not conflict with the provision of chapter 262, Laws 1916, for the convening of the court on the fourth Monday of January, that being one of the other times provided by law referred to in chapter 257 when read in connection with chapter 104, Laws 1910, which it amends. It follows, therefore, that the effect of these statutes is to provide three terms of the chancery court for George county, and that the decree appealed from was rendered at a regular term of court.

No objection was made in the court below to the cause being revived in the name of the complainant's administrator, instead of in the name of his heir, and since it would be proper under some circumstances to revive such a suit in the name of the administrator (*Criscoe* v. *Adams*, 85 So. 119), the objection cannot be made in this court for the first time.

The effect of the contract entered into by the appellant and the Crooms hereinbefore set out is that the appellant holds the land in trust for the purpose of selling it and applying the proceeds in excess of five thousand dollars to the satisfaction of his judgment against the Crooms, and until he had discharged this duty, or shown a valid reason for not so doing, it would be inequitable to permit him to

cause the judgment to be satisfied by the sale of other property owned by the Crooms, or which they have disposed of since the rendition of the judgment.

*Affirmed.*